# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0993V

GARY HETRICK,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Chief Special Master Corcoran

Filed: February 17, 2026

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON DAMAGES[1]

On June 13, 2025, Gary Hetrick filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of a tetanus-diphtheria-acellular pertussis ("Tdap") and/or pneumococcal conjugate vaccinations received on August 16, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 28, 2026, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On February 17, 2026, Respondent filed a Proffer on an award of compensation ("Proffer"). Respondent represented that Petitioner agrees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $50,000.00 (for pain and suffering) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** Proffer at 2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.* at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

GARY HETRICK,

      Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.

No. 25-993V
Chief Special Master Corcoran
ECF

## PROFFER ON AWARD OF COMPENSATION[1]

On June 13, 2025, Gary Hetrick ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of the tetanus, diphtheria, pertussis ("Tdap") and/or pneumococcal conjugate vaccinations received on August 16, 2023. Petition at 1. On January 26, 2026, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 17. On January 28, 2026, the Chief Special Master issued a Ruling on Entitlement finding that petitioner is entitled to vaccine compensation. ECF No. 18.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

## I.  Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded

$50,000.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under

42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.  Form of the Award/Recommended Payment

The parties recommend that the compensation provided to petitioner should be made

through one lump sum payment as described below and request that the Chief Special Master's

decision and the Court's judgment award the following:[2]

> A lump sum payment of **$50,000.00** to be paid through an ACH deposit to petitioner's
> counsel's IOLTA account for prompt disbursement to petitioner, Gary Hetrick.

> Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future lost earnings, and future pain and suffering.

/s/ Alexa Roggenkamp
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-4179
alexa.roggenkamp@usdoj.gov

DATED: February 17, 2026